IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kenneth Parnell Williams,<br><br>Petitioner,<br><br>v.<br><br>Christopher Rivers, as Warden of Administrative United States Penitentiary Thomson,<br><br>Respondent. | Case No. 3:19-cv-50267<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Petitioner Kenneth Parnell Williams, an inmate at Administrative United States Penitentiary Thomas, petitions the Court on a writ of habeas corpus under 28 U.S.C. § 2241. He contends that the Bureau of Prisons (BOP) incorrectly calculated his presentencing credit for prior custody under 18 U.S.C. § 3585(b). Warden Rivers responds that Williams has not exhausted his administrative remedies and, therefore, his petition should be dismissed. For the reasons below, the Court agrees with the Warden and dismisses Williams' petition [1,5].

I. Analysis

"Congress has committed the responsibility for the calculation of credit for pretrial confinement to the BOP." *United States v. Walker*, 917 F.3d 989, 990 (7th Cir. 2019). On a § 2241 habeas petition, a federal district court may review the BOP's decision regarding an inmate's request for presentencing credit. But that review only becomes available once the inmate exhausts his available

1

administrative remedies.[1] *Id.* at 994; *see also Kane v. Zuercher*, 344 F. App'x 267, 268–69 (7th Cir. 2009).

## A. BOP Procedures

The BOP's Administrative Remedy Program is set forth in 28 C.F.R. Part 542. After attempting informal resolution under 28 C.F.R § 542.13, an inmate then files a form BP-9 to open the formal request. § 542.14(a). Absent an exception, that form must be filed within twenty calendar days from the incident giving rise to the request. *Id.* If the inmate is dissatisfied with the Warden's response, the inmate may appeal to the Regional Director within twenty calendar days of the decision by completing and submitting a form BP-10. § 542.15(a). The inmate may then appeal the Regional Director's opinion by completing a form BP-11 and submitting it to the General Counsel within thirty calendar days of the Regional Director's decision. *Id.* If the request is rejected based on a defect, and "the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." § 542.17(b).

## B. Williams Failed to Exhaust

On October 4, 2017, while an inmate at U.S. Penitentiary Coleman, Williams filed an administrative remedy request. He claimed that his federal pre-trial

---

[1] Unlike actions filed under 42 U.S.C. § 1983 based on inadequate prison conditions, the exhaustion requirement at issue does not come from the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a) (noting the applicability to prison condition suits). Rather, the source of the exhaustion requirement under 28 U.S.C. § 2241 is common law. *Richmond v. Scibana*, 398 F.3d 602, 604 (7th Cir. 2004).

confinement was not properly included in the sentencing computation. Dkt. 1, at 16. In response, the Warden at USP Coleman conducted an investigation and determined that Williams "remained in continuous state custody and the time you are requesting was applied to your state sentence." *Id.* at 17. He further explained that the computation had been "reviewed and audited by the Designation and Sentencing Computation Center (DSCC)" and was deemed accurate.[2] *Id.*

Williams then appealed to the Southeast Regional Director. *Id.* at 15. That appeal was then denied. The denial explained, "All four pages of your (BP-9) (BP-10) (BP-11) form must be legible and worded the same. Photocopies of the form will not be accepted." *Id.* at 14. The rejection notice then instructed Williams to resubmit the appeal, using the proper forms, within ten days of the rejection notice. *Id.* And because the Regional Director gave Williams the option to correct the error and resubmit the appeal, his only choice was to merely resubmit the appeal. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 857 (11th Cir. 2020) ("But here the Regional Director did give Blevins the opportunity to correct the defect and resubmit the appeal. So contrary to the district court's conclusion, Blevins could not have appealed the Regional Director's rejection of her appeal to the General Counsel.").

But Williams did not resubmit that appeal. Dkt. 7, at 8, Ex. A, ¶ 6. Nor does he argue that he did. Instead, Williams essentially contends that letters from the

---

[2] As part of that review and audit, the DSCC apparently contacted the federal sentencing court to inquire whether the imposed sentence was to run concurrently with or consecutive to Williams' state sentence. Dkt. 1, at 19–20.

3

DSCC constituted exhaustion. Dkt. 14, at 6. He explains that "the government has completely ignored the denial by Grand Praire [sic]." *Id.* The Court assumes Williams means Grand Prairie, Texas, the location of the DSCC. Dkt. 1, at 19–20. The letters he references, however, do not exhaust his remedies. *Unger v. Walton*, No. 12-cv-1180, 2013 U.S. Dist. LEXIS 168871, at *9–10 (S.D. Ill. Nov. 26, 2013) ("However, fulfilling the requirements of Program Statement 5160 is not the same as exhausting administrative remedies."); *see also Evans v. Larkin*, No. 11-cv-4706, 2014 U.S. Dist. LEXIS 109313, at *17 (E.D.N.Y Aug. 7, 2014) (following *Unger*).

DSCC played a part in the administrative remedy proceedings. The USP Coleman Warden told Williams that his "computation has been reviewed and audited by the Designation and Sentencing Computation Center (DSCC), as accurate." *Id.* at 17. But the letters Williams references cannot excuse his failure to resubmit the appeal as instructed. And regardless, those letters were sent to Williams well after he was supposed to resubmit his appeal. As explained above, the Regional Director instructed him to resubmit the appeal within ten days. The letters from DSCC, on the other hand, were sent on June 14 and July 11, 2018— well after the November 27, 2017 deadline. *Id.* at 14, 19–20. Thus, Williams' argument that those letters exhausted his administrative remedies misses the mark. Because he failed to resubmit his appeal to the Southeast Region Director as instructed, he failed to avail himself of his available administrative remedies. Thus, the Court does not consider the merits of Williams' 28 U.S.C. § 2241 petition.

## II. Conclusion

For the reasons above, Williams § 2241 petition [1,5] is dismissed without prejudice. Civil case terminated.

Date: June 23, 2021

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division